UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GWANJUN KIM,

    Debtor.

Case No. GG 08-09857
Chapter 7

_____/

GWANJUN KIM,

    Plaintiff/Counter-Defendant,

v.

U.S. DEPARTMENT OF EDUCATION,

    Defendant/Counter-Plaintiff.

Adversary Proceeding
No. 10-80774

_____/

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION FOR RECONSIDERATION

Appearances:

GwanJun Kim, Ionia, Michigan, pro se Plaintiff.

Agnes M. Kempker-Cloyd, Esq., Grand Rapids, Michigan, attorney for Defendant, the United States Department of Education.

### I.  PROCEDURAL BACKGROUND.

On November 8, 2010, GwanJun Kim  (the "Debtor") filed the above-captioned adversary proceeding against the United States Department of Education (the "Defendant").  The complaint alleges that repayment of a student loan debt owed by the Debtor to the Defendant would constitute an undue hardship and that the debt should therefore be discharged under 11 U.S.C. § 523(a)(8).  The Debtor filed the complaint on his own behalf and has represented himself throughout this adversary proceeding.

On November 9, 2010, one day after the Debtor filed his complaint, this court issued a summons in the adversary proceeding and returned the summons to the Debtor for proper service. The Debtor failed to serve the summons. Despite this fact, the Debtor filed a Motion for Entry of Default Judgment on December 20, 2010. (AP Dkt. No. 8.) The next day, the court issued its Notice of Intent to Dismiss and Close Adversary Proceeding for Failure to Properly Serve Summons. (AP Dkt. No. 7.)

After the Debtor learned of the deficiency in the service of the original summons, he filed an amended complaint on December 22, 2010. (AP Dkt. No. 10.) That same day, the court re-issued the summons. In accordance with Federal Rule of Bankruptcy Procedure 7012, the re-issued summons stated:

> YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court 30 (thirty) days after the date of issuance of this summons, *except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.*

(AP Dkt. No. 9 (emphasis added).) On January 3, 2011, the Debtor filed a proof of service stating that he served the re-issued summons on the proper government agencies, including the Defendant. (AP Dkt. No. 17.)

On January 26, 2011, exactly thirty-five (35) days after the summons was re-issued, the Defendant filed an Answer to Complaint and Counterclaim. (AP Dkt. No. 18.) Despite the Defendant's timely answer, the Debtor filed a "Motion for Re-Entry of Default Judgment" on January 28, 2011 (the "First Motion"). (AP Dkt. No. 20.) The First Motion alleged that the Defendant's answer was not timely because it was not filed within thirty (30) days of the re-issued summons. In support of his argument, the Debtor cites to the court's docket entry, which states that, under the general deadline not applicable to U.S.

2

governmental agencies, answers are due on January 21, 2011. (AP Dkt. No. 9.) When the Debtor failed to answer its counterclaim, the Defendant also filed an Affidavit of Default and Request for Entry of Default and Judgment. (AP Dkt. No. 28.)

Hearings on the motions for default judgment were held before this court on March 30, 2011. After taking argument from both parties, the court denied the motions. The court concluded that the Defendant's answer to the Debtor's complaint was timely. The Debtor failed to serve the initial summons, thereby making it unnecessary for the Defendant to answer the original complaint. After the amended complaint was filed and the summons was re-issued, the Defendant filed an answer within thirty-five (35) days, the time prescribed by the Bankruptcy Rules. The court also noted that, even if the Defendant's answer was not timely, the Debtor's complaint did not set forth sufficient facts to demonstrate that repayment of the student loans would constitute an undue hardship under § 523(a)(8). Therefore, although the Debtor would be afforded the chance to prove his case at trial, he was not entitled to a default judgment based on the pleadings. The court also denied the Defendant's motion for default judgment and gave the Debtor until April 22, 2011 to file an answer to the Defendant's counterclaim. Orders denying both motions were entered on April 1, 2011. (AP Dkt. Nos. 39 & 40.)

On May 31, 2011, the Debtor filed a "Second Set of Application for Entry of Default" (the "Second Motion"). (AP Dkt. No. 47.) The Debtor's Second Motion raised arguments which were identical to those asserted in the First Motion, i.e., that the Defendant's answer to the amended complaint was untimely and that the Debtor was entitled to an entry of default and/or a default judgment. A hearing on the Second Motion was held before this court on June 2, 2011. After reviewing the relevant pleadings and hearing argument from

3

both parties, the court orally denied the Debtor's Second Motion. An order denying the Second Motion was entered on June 22, 2011. (AP Dkt. No. 53.)

On June 14, 2011, after the hearing on the Second Motion, but prior to entry of the order denying the motion, the Debtor filed a "Motion for Rule 60(b) Relief from an Order and/or Motion for Reconsideration of Order: Motion for Entry of Default Judgment" (the "Motion to Reconsider"). (AP Dkt. No. 51.) The Debtor's Motion to Reconsider again re-states the arguments raised in the motions for default judgment. Specifically, the Debtor asserts that the Defendant has failed to timely respond or answer the complaints in this adversary proceeding on two occasions: first, after the issuance of the initial summons (which was never served) and second, after the summons was re-issued.

The Defendant filed a response to the Debtor's Motion to Reconsider on June 20, 2011, and the Debtor filed a reply to the Defendant's response on June 23, 2011. (AP Dkt. Nos. 52 & 54.) On June 24, 2011, the Debtor filed an additional document, entitled "Motion to Supplemental Pleading," in support of his Motion to Reconsider. (AP Dkt. No. 56.) In his reply and supplemental pleading, the Debtor again argues that the court's docket entry prescribed that the Defendant's answer must be filed within thirty (30) days. Even assuming the Defendant had thirty-five (35) days in which to answer the complaint, the Debtor argues that the Defendant's answer was untimely. The summons was re-issued and served on December 22, 2010. According to the Debtor's calculations, the Defendant was required to answer by January 25, 2011, but did not actually file its answer until the next day, January 26, 2011. The court has carefully reviewed the Debtor's motion, reply, and supplemental pleading and has concluded that oral argument would not materially assist in its determination regarding the requested relief.

4

## II. DISCUSSION.

To the extent the Debtor's Motion to Reconsider asks the court to set aside its denial of the First Motion for default judgment, the motion constitutes a request for relief from judgment or order under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60. Rule 60(b) sets forth six grounds for vacating a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

To the extent the Debtor seeks reconsideration of the order denying his Second Motion for default judgment, which requested the same relief as the first motion, the Motion to Reconsider should be analyzed under Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable to this proceeding.[1] Matter of No-Am Corp., 223 B.R. 512, 513 (Bankr. W.D. Mich. 1998). Alteration or amendment of a judgment under Rule 59(e) is only justified in instances where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent

---

[1] Because the Debtor's Motion to Reconsider was filed after the court's oral denial of the Second Motion, but prior to entry of the order, the Motion to Reconsider was arguably premature. See FED. R. BANKR. P. 9023 ("A motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days *after* entry of judgment.") (emphasis added). Regardless of this potential deficiency, the court will analyze the Motion to Reconsider under Rule 59(e). See, e.g., In re Fjeldsted, 293 B.R. 12, 18 (Bankr. 9th Cir. 2003) ("Typically, as was done in this case, a court will consider a premature motion for reconsideration.") (citations omitted).

manifest injustice.  See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

Regardless of whether it is filed under Rule 59(e) or Rule 60(b), a motion for reconsideration is "not an opportunity to re-argue a case" and should not be used by the parties to "raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998); see Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).

Having considered the Debtor's Motion to Reconsider under these standards, the court finds no grounds for setting aside its prior orders.  The Debtor's motion raises identical arguments to those asserted in the First and Second Motions for default judgment.  The Motion to Reconsider does not assert any grounds for relief that are cognizable under either Rule 60(b) or Rule 59(e).  It does not assert that the prior orders were entered by mistake, through fraud, or that the orders are void for any legally valid reason.  It does not present any newly discovered evidence and does not argue a change in law since the prior orders were entered.  It likewise fails to demonstrate that a clear error of law has been committed or that the previous orders must be set aside to avoid manifest injustice.  The Debtor failed to serve the initial summons in this adversary proceeding on the Defendant as required by the Bankruptcy Rules.  The summons was re-issued on December 22, 2010, and the Defendant's time to file an answer did not begin to run until the Debtor properly served the re-issued summons.  Under Bankruptcy Rule 7012, most entities are required to answer a complaint within thirty (30) days after the issuance of the summons.  The court's docket merely reflected this general deadline when it stated that

6

answers to the amended complaint were due on January 21, 2011. However, Bankruptcy Rule 7012 further provides that the "United States or an officer or agency thereof" are given thirty-five (35) days after issuance of the summons to answer a complaint. The Defendant's answer in this adversary proceeding was filed on January 26, 2011, exactly thirty-five (35) days after the summons was re-issued. See FED. R. BANKR. P. 9006(a) ("[I]n computing any time period specified in these rules . . . [w]hen the period is stated in days . . . exclude the day of the event that triggers the period."). The Defendant's answer was timely under the applicable Bankruptcy Rules. Therefore, the Debtor was not entitled to a default judgment when he filed his First Motion, he was not entitled to default judgment when he filed his Second Motion, and he is not entitled to a default judgment on reconsideration.

## III. CONCLUSION.

The Debtor has failed to demonstrate that the prior orders should be altered, amended, or set aside. The Debtor's motion is DENIED. Further, the court cautions the Debtor against filing unwarranted motions in the future.[2] A separate order shall enter accordingly.

Dated this _19_th day of July, 2011
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge

---

[2] This pro se Debtor seems to be making a "career" out of filing frivolous (or at least meaningless) papers with this court. This court has far too many cases to continue to spend unwarranted time on preliminary non-meritorious non-issues. It is likely the court shall summarily deny the Debtor's future requests of this type and nature. However, this court intends to give the Debtor the time reasonably required during trial to hear the Debtor's factual presentation and legal argument concerning the merits: is an educational loan dischargeable or nondischargeable under 11 U.S.C. § 523(a)(8)?

7